UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ROBERT LEE WIGGINS,                                CIV. ACTION NO. 17-4270
                                                   (VB)
                    Plaintiff,

v.                                                 **ANSWER TO**
                                                   **AMENDED COMPLAINT**

THE GARDEN CITY GOLF CLUB a/k/a
GARDEN CITY MEN'S CLUB d/b/a
GARDEN CITY GC, and GEORGE OUELLETTE,

                    Defendant.
------------------------------------------------------------------X

Defendant, GEORGE OUELLETTE, by its attorneys, MILBER MAKRIS PLOUSADIS

& SEIDEN, LLP, as and for its Answer to the Amended Complaint, alleges the following upon

information and belief:

## INTRODUCTION

1.       Defendant avers that the allegations contained in Paragraph "1" of the Amended

Complaint constitute conclusions of law to which no response is required. To the extent that a

response is deemed necessary, Defendant denies the allegations contained in Paragraph "1" of the

Amended Complaint and respectfully refers all questions of law to this Honorable Court.

2.       Defendant avers that the allegations contained in Paragraph "2" of the Amended

Complaint constitute conclusions of law to which no response is required. To the extent that a

response is deemed necessary, Defendant denies every allegation contained in Paragraph "2" of

the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

3.       Defendant avers that the allegations contained in Paragraph "3" of the Amended

Complaint constitute conclusions of law to which no response is required. To the extent that a

response is deemed necessary, Defendant denies every allegation contained in Paragraph "3" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

4.  Defendant denies each and every allegation contained in Paragraph "4" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

5.  Defendant denies each and every allegation contained in Paragraph "5" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court

6.  Defendant denies each and every allegation contained in Paragraph "6" of the Amended Complaint.

## JURISDICTION AND VENUE

7.  Defendant avers that the allegations contained in Paragraph "7" of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies every allegation contained in Paragraph "7" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

8.  Defendant avers that the allegations contained in Paragraph "8" of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies every allegation contained in Paragraph "8" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

9.  Defendant avers that the allegations contained in Paragraph "9" of the Amended Complaint constitute conclusions of law to which no response is required. To the extent that a response is deemed necessary, Defendant denies every allegation contained in Paragraph "9" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

**PARTIES**

10.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Amended Complaint.

11.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Amended Complaint.

12.     Defendant denies each and every allegation contained in Paragraph "12" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

13.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Amended Complaint.

**FACTS**

14.     Defendant denies each and every allegation contained in Paragraph "14" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

15.     Defendant denies each and every allegation contained in Paragraph "15" of the Amended Complaint.

16.     Defendant denies each and every allegation contained in Paragraph "16" of the Amended Complaint.

17.     Defendant denies each and every allegation contained in Paragraph "17" of the Amended Complaint.

18.     Defendant denies each and every allegation contained in Paragraph "18" of the Amended Complaint.

19.     Defendant denies each and every allegation contained in Paragraph "19" of the Amended Complaint.

20.     Defendant denies each and every allegation contained in Paragraph "20" of the Amended Complaint.

21.     Defendant denies each and every allegation contained in Paragraph "21" of the Amended Complaint.

22.     Defendant denies each and every allegation contained in Paragraph "22" of the Amended Complaint.

23.     Defendant denies each and every allegation contained in Paragraph "23" of the Amended Complaint except admits that a photograph was taken of Ouellette and Plaintiff.

24.     Defendant denies each and every allegation contained in Paragraph "24" of the Amended Complaint.

25.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "25" of the Amended Complaint.

26.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "26" of the Amended Complaint.

27.     Defendant denies each and every allegation contained in Paragraph "27" of the Amended Complaint.

28.     Defendant denies each and every allegation contained in Paragraph "28" of the Amended Complaint.

29.     Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "29" of the Amended Complaint.

30.     Defendant denies each and every allegation contained in Paragraph "30" of the Amended Complaint.

31. Defendant denies each and every allegation contained in Paragraph "31" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

32. Defendant denies each and every allegation contained in Paragraph "32" of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
### (Discrimination and Hostile Work Environment in Violation of 42 U.S.C. § 1981)

33. In response to Paragraph "33", Defendant repeats, reiterates and realleges each and every response applicable to the allegations contained in Paragraphs "1" through "32" of the Amended Complaint as though more fully set forth herein.

34. Defendant denies each and every allegation contained in Paragraph "34" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

35. Defendant denies each and every allegation contained in Paragraph "35" of the Amended Complaint.

36. Defendant denies each and every allegation contained in Paragraph "36" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

37. Defendant denies each and every allegation contained in Paragraph "37" of the Amended Complaint.

38. Defendant denies each and every allegation contained in Paragraph "38" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

39. Defendant denies each and every allegation contained in Paragraph "39" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

40. Defendant denies each and every allegation contained in Paragraph "40" of the Amended Complaint.

41.     Defendant denies each and every allegation contained in Paragraph "41" of the Amended Complaint.

42.     Defendant denies each and every allegation contained in Paragraph "42" of the Amended Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### (Discrimination and Hostile Work Environment in Violation of NYSHRL)

43.     In response to Paragraph "43", Defendant repeats, reiterates and realleges each and every response applicable to the allegations contained in Paragraphs "1" through "42" of the Amended Complaint as though more fully set forth herein.

44.     Defendant denies each and every allegation contained in Paragraph "44" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

45.     Defendant denies each and every allegation contained in Paragraph "45" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

46.     Defendant denies each and every allegation contained in Paragraph "46" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

47.     Defendant denies each and every allegation contained in Paragraph "47" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
### (Constructive Discharge in Violation of NYSHRL)
### (Against Defendant Garden City Golf Club)

48.     In response to Paragraph "48", Defendant repeats, reiterates and realleges each and every response applicable to the allegations contained in Paragraphs "1" through "47" of the Amended Complaint as though more fully set forth herein.

49.     Defendant denies each and every allegation contained in Paragraph "49" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

50.     Defendant denies each and every allegation contained in Paragraph "50" of the Amended Complaint.

51.     Defendant denies each and every allegation contained in Paragraph "51" of the Amended Complaint.

52.     Defendant denies each and every allegation contained in Paragraph "52" of the Amended Complaint.

53.     Defendant denies each and every allegation contained in Paragraph "53" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

54.     Defendant denies each and every allegation contained in Paragraph "54" of the Amended Complaint.

### AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
**(Battery)**
**(Against Defendant Ouellette)**

55.     In response to Paragraph "55", Defendant repeats, reiterates and realleges each and every response applicable to the allegations contained in Paragraphs "1" through "54" of the Amended Complaint as though more fully set forth herein.

56.     Defendant denies each and every allegation contained in Paragraph "56" of the Amended Complaint.

57.     Defendant denies each and every allegation contained in Paragraph "57" of the Amended Complaint.

58.     Defendant denies each and every allegation contained in Paragraph "58" of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

### AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against Defendant Ouellette)

59.     In response to Paragraph "59", Defendant repeats, reiterates and realleges each and every response applicable to the allegations contained in Paragraphs "1" through "58" of the Amended Complaint as though more fully set forth herein.

60.     Defendant denies each and every allegation contained in Paragraph "60" of the Amended Complaint.

61.     Defendant denies each and every allegation contained in Paragraph "61" of the Amended Complaint.

62.     Defendant denies each and every allegation contained in Paragraph "62" of the Amended Complaint.

### DEMAND FOR JURY TRIAL

63.     Defendant acknowledges that Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

### PRAYER FOR RELIEF

64.     Defendant denies that Plaintiff is entitled to any type of remedy, relief or damages in plaintiff's Prayer for Relief and/or its subsections A. through G.

### FIRST AFFIRMATIVE DEFENSE

65.     The Amended Complaint fails to state any claims or causes of action by Plaintiff against Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

66.     This Court lacks subject matter jurisdiction over all of Plaintiff's claims.

## THIRD AFFIRMATIVE DEFENSE

67.     Plaintiff lacks standing to assert claims under New York Human Rights Law and §1981 because he was not employed by Answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claims are barred, in whole or in part, by equitable defenses, including the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

69.     Answering Defendant was unaware of the alleged discriminatory conduct set forth and exercised reasonable care to promptly prevent and correct any alleged unlawful conduct.

## SIXTH AFFIRMATIVE DEFENSE

70.     Plaintiff unreasonably failed to take advantage of any preventative or corrective measures offered by Answering Defendant to avoid the alleged harm to Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

71.     Plaintiff failed to mitigate some or all of his alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

72.     Compensatory and punitive damages are not available on Plaintiff's claims in this action and/or Answering Defendant's conduct did not rise to the level of culpability required to justify an award of such damages.

## NINTH AFFIRMATIVE DEFENSE

73.     Since discovery has not been conducted at this state of the case, Answering Defendant reserves the right to file and serve additional defenses, as appropriate.

## TENTH AFFIRMATIVE DEFENSE

74.     Some or all of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or other filing requirements.

## ELEVENTH AFFIRMATIVE DEFENSE

75.     To the extent Plaintiff's claims sound in negligence, they are barred by operation of the New York Workers' Compensation Law.

## TWELFTH AFFIRMATIVE DEFENSE

76.     Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## THIRTEENTH AFFIRMATIVE DEFENSE

77.     Some or all of Plaintiff's claims are barred, in whole or in part, by the United States and New York Constitutions and/or by the statutes under which this action purportedly is brought.

## FOURTEENTH AFFIRMATIVE DEFENSE

78.     Plaintiff's claims are frivolous and groundless and known to Plaintiff to be frivolous and groundless and without foundation in fact or law.

## FIFTEENTH AFFIRMATIVE DEFENSE

79.     Plaintiff does not have standing to maintain a cause of action against this Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

80.     If the Plaintiff sustained any personal injuries or damages as alleged in the complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the Plaintiff must be

reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

WHEREFORE, Defendant, GEORGE OUELLETTE, demands judgment:

(A)     Dismissing the Amended Complaint;

(B)     Awarding it the costs and disbursements of this action; and

(C)     Awarding it such other and further relief that this Court may deem just and proper.

Dated: Woodbury, New York
October 11, 2017

                                        MILBER MAKRIS PLOUSADIS
                                        & SEIDEN, LLP

                                By:     _____
                                        Elizabeth R. Gorman (ERG 6316)
                                        Attorneys for Defendant
                                        GEORGE OUELLETTE
                                        1000 Woodbury Road, Suite 402
                                        Woodbury, New York 11797
                                        (516) 712-4000
                                        File No. 420-12889

TO:     Neil M. Frank
        FRANK & ASSOCIATES, P.C.
        Attorneys for Plaintiff
        500 Bi-County Blvd., Suite 465
        Farmingdale, New York 11735
        (631) 756-0400
        nfrank@laborlaws.com

        Jasmine Y. Patel, Esq.
        FRANKLIN, GRINGER & COHEN, P.C.
        Attorneys for Defendant
        *The Garden City Golf Club*
        666 Old Country Road, Suite 202
        Garden City, New York 11530-2013
        (516) 228-3131